William M. Turner, Esq. (Bar No.199526)
WMTurner@jonesbell.com
Jones Bell Abbott Fleming & Fitzgerald LLP
601 S. Figueroa Street, Suite 3460
Los Angeles, CA 90017
(213) 485.1555
(213) 689.1004 (facsimile)

Counsel for Petitioner, TD Ameritrade, Inc.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| TD AMERITRADE, INC. | Case Number:   3:19-cv-2493 |
| Petitioner/Plaintiff, | **PETITION TO CONFIRM ARBITRATION AWARD AND INCORPORATED MEMORANDUM OF LAW** |
| vs. | |
| EL CAPITAN LIMITED CORPORATION, | |
| Respondent/Defendant. | |

Petitioner, TD AMERITRADE, INC. ("TD Ameritrade" or "Petitioner"), pursuant to 28 U.S.C. § 1332 and 9 U.S.C. §§ 9-11, hereby files this Petition to Confirm Arbitration Award and Incorporated Memorandum of Law, and in support thereof state as follows:

1. This is a Petition to Confirm Arbitration Award pursuant to the Federal Arbitration Act ("FAA").

2. Petitioner is a securities broker-dealer registered with the Financial Industry

Page **1** of **6**

*Petition to Confirm Arbitration Award*

Regulatory Authority ("FINRA") and was the respondent in the FINRA Dispute Resolution arbitration matter filed by Respondent, El Capitan Limited Corporation ("El Capitan"), entitled *El Capitan Limited Corporation v. TD Ameritrade, Inc*., FINRA Case No. 15-02387 (the "FINRA Action").

3. At all times material, TD Ameritrade was and is a corporation organized under the laws of the State of New York with its principal place of business in the State of Nebraska.

4. At all times material, El Capitan was and is a corporation organized under the laws of the State of Nevada with its principal place of business located in Hayward, California.

5. The FINRA Action was administered and the final hearings took place in San Francisco, California.

6. Accordingly, this Court has personal jurisdiction over the parties and venue is appropriate. 9 U.S.C. § 9 ("If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made... [n]otice of the application shall be served upon the adverse party, and thereupon the court shall have jurisdiction of such party as though he had appeared generally in the proceeding."); *see Hansen Beverage Co. v. DSD Distributors, Inc*., No. 08CV0619-LAB(RBB), 2008 WL 5233180, at *4 (S.D. Cal. Dec. 12, 2008)("An application or motion to confirm, vacate, or modify an arbitration award may be made to the district court 'for the district in which the award was made,' unless the parties have agreed otherwise").

7. This action is brought pursuant to 28 U.S.C. 1332 as it is a civil action between citizens of different states wherein the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

8. In the FINRA Action, TD Ameritrade denied all claims asserted by El Capitan, and

asserted a counterclaim seeking $174,815.80 in compensatory damages (the "Counterclaim"). Between October 29, 2018 and November 2, 2018, the Arbitrators conducted final hearings (the "Hearings") in the FINRA Action. After the conclusion of the evidentiary Hearings, the Arbitrators denied El Capitan's claims in their entirety, and on its Counterclaim, awarded TD Ameritrade $174,709.80 in compensatory damages and ten percent (10%) interest (the "Award"). A copy of the Award is attached as Exhibit "A".

9. As there is diversity of citizenship and the amount in controversy exceeds $75,000, this Court has subject matter jurisdiction over this action. *LG Elecs. MobileComm U.S.A., Inc. v. Reliance Commc'ns, LLC*, No. 18-CV-0250-BAS-RBB, 2018 WL 2059559, at *4 (S.D. Cal. May 3, 2018)("When a petitioner seeks confirmation of an arbitration award, without seeking remand for further arbitration proceedings, the amount in controversy is the value of the award itself to the petitioner."); *Hansen Beverage Co.* 2008 WL 5233180 at *5 (internal citations omitted) ("When a petitioner seeks confirmation or vacatur of an award, without seeking a remand for further arbitration proceedings, 'the amount in controversy is the value of the award itself to the petitioner'."); *Theis Research, Inc. v. Brown & Bain*, 400 F.3d 659, 664–65 (9th Cir. 2005)(finding that when a party seeks to re-open arbitration proceedings, the amount in controversy for the purposes of diversity jurisdiction, is the amount at stake in the underlying litigation).

**FACTUAL ALLEGATIONS**

10. El Capitan initiated the FINRA Action by filing a Submission Agreement and its arbitration Statement of Claim with FINRA Dispute Resolution on or about September 10, 2015, in which it asserted causes of action for breach of contract, breach of fiduciary duty, and negligence arising out of El Capitan's brokerage account maintained at TD Ameritrade.

11. On or about November 23, 2015, TD Ameritrade filed its answer and Counterclaim,

*Petition to Confirm Arbitration Award*

in which it denied all allegations against it and further sought $174,815.80 in compensatory damages and interest, among other things, for El Capitan's failure to satisfy a debit balance relating to its account in breach of the client agreement between the parties.

12. On or about December 14, 2018, after the conclusion of the Hearings in the FINRA Action, the FINRA arbitration panel entered the Award in TD Ameritrade's favor. In the Award, the panel ordered, among other things, that: i) El Capitan's claims were denied in their entirety; ii) TD Ameritrade's Counterclaim was granted in the amount of $174,709.80; iii) Interest in the amount of 10%, to accrue from August 26, 2015, until the date of the award (December 14, 2018); iv) each party to bear their own costs and expenses incurred in the matter; and v) all other claims, including punitive damages and attorneys' fees, were denied.

13. To date, El Capitan has failed to satisfy the Award, and El Capitan has not timely filed or served a petition to vacate, modify or correct the Award in accordance with the FAA or state law. As such, under 9 U.S.C. § 9, confirmation of the Award must be granted.

## MEMORANDUM OF LAW

Section 9 of the FAA authorizes courts to enter judgment upon arbitration awards. 9 U.S.C. § 9 ("[A]t any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award."). In that regard, judicial review of arbitration awards is extremely limited. *See Biller v. Toyota Motor Corp.,* 668 F.3d 655, 661–62 (9th Cir. 2012)("Our review is limited by the [FAA], which enumerates limited grounds on which a federal court may vacate, modify, or correct an arbitral award. Neither erroneous legal conclusions nor unsubstantiated factual findings justify federal court review of an arbitral award under the statute, which is unambiguous in this regard [and] a court must confirm an arbitration award unless it is vacated, modified, or corrected as prescribed in §§ 10 and 11.*"*). Section 9 of

*Petition to Confirm Arbitration Award*

the FAA further provides the court ***must*** grant an order to confirm an award "unless the award is vacated, modified or corrected as prescribed in sections 10 and 11" of the FAA. Section 12 requires a party seeking to vacate, modify or correct an arbitration award to serve a notice of his intent to vacate, modify or correct an arbitration award within three (3) months of the award.

As set forth above, the Award was entered and served on the parties on December 14, 2018. El Capitan was therefore required to file and serve a motion to vacate, modify or correct the Award, if at all, on or before March 14, 2019.  To date, El Capitan has neither served TD Ameritrade with a notice of a motion to vacate, modify or correct the Award, nor timely filed a motion to vacate, modify or correct the Award.[1]

The FAA expresses a presumption that arbitration awards will be confirmed, and further provides that an award must be confirmed if not vacated, modified or corrected.  9 U.S.C. § 9; *See Kyocera Corp. v. Prudential-Bache Trade Servs., Inc*., 341 F.3d 987, 997 (9th Cir. 2003) ("The [FAA] states that if a party seeks a judicial order confirming an arbitration award, 'the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title' …[u]nder the statute, 'confirmation is required even in the face of erroneous findings of fact or misinterpretations of law.'").

Moreover, due to El Capitan's failure to timely file and serve a motion to vacate, modify or correct the Award, it is precluded from now challenging this Petition to Confirm. Confirmation

---

[1] Federal judicial review of arbitration awards is extremely limited," and "[f]ederal courts will defer to the arbitrator's resolution of the dispute whenever possible." *Kotakis v. Gruntal & Co*., No. C 97-0202 CRB, 2000 WL 1006541, at *3 (N.D. Cal. July 11, 2000). Section 10(a) provides four grounds for vacating an award: (1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrators, or either of them; (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made. 9 U.S.C. § 10(a). None of these grounds is a basis for vacating the Award in this case.  Accordingly, the Award must be confirmed.

*Petition to Confirm Arbitration Award*

proceedings under 9 U.S.C. § 9 are intended to be summary in nature, and confirmation can be denied only if an award has been corrected, vacated, or modified in accordance with the FAA. *Braggs v. Jones*, 614 F. App'x 901, 904 (9th Cir. 2015)(finding that because there are not sufficient grounds for a court to vacate or modify the arbitration award as specified in the FAA, the award must be confirmed). Accordingly, as El Capitan has failed to file a motion to vacate, modify or correct the Award, it must be confirmed.

WHEREFORE, Petitioner, TD Ameritrade, Inc. respectfully request that this Court confirm the Award and grant Petitioner such other and further relief as the Court deems just and proper.

Dated this 3rd day of May, 2019.

Respectfully submitted,

By: /s/ William M. Turner
William M. Turner, Esq,
California Bar No. 199526
Jones Bell Abbott Fleming & Fitzgerald, LLP
601 S. Figueroa Street, Suite 3460
Los Angeles, CA 90017
(213) 485.1555
(213) 689.1004 (facsimile)
*Counsel for TD Ameritrade, Inc.*